[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action seeks a dissolution of marriage, custody of a minor child, support, alimony, counsel fees, and other equitable relief.
The defendant, although not objecting to most of the plaintiff's proposed orders, does contest the claim that the marriage has irretrievably broken down. The plaintiff, who was represented by counsel, testified. The defendant, acting pro-se, cross-examined the plaintiff and testified at the trial.
The Court does find that the parties were married on December 16, 1967, in Manchester, Connecticut, that the plaintiff has resided continuously in Connecticut for more than one year next before the date of her complaint and that irreconcilable differences have occurred between the parties which have caused the marriage to breakdown irretrievably and without hope of reconciliation.
The parties have one (1) minor child issue of the marriage, to wit: Matthew Hjalmeer born October 16, 1983, Two other children issue of the marriage have reached eighteen (18) years of age.
Those things which have contributed to the breakdown include the defendant's sporadic work record, (he had not worked with any regularity for some three years or longer prior to the separation of the parties in November, 1991). The plaintiff has worked as a seamstress at a bridal store for some seven (7) years. She is on an hourly rate and has no benefits such as retirement or medical benefits. Also, the defendant had told his wife about infidelities which occurred while they were living together, and in 1989 or 1990 started with a course of counselling to treat his "self-destructive pattern." The defendant conceded that the plaintiff's opinion that the marriage is broken down irretrievably is not unreasonable.
The marriage is ordered dissolved on the grounds of irretrievable breakdown and, applying the criteria of Sections 46b-81 and 46b-82 of the Connecticut General Statutes, the Court enters the following orders:
1. The custody of the minor child, Matthew, shall be awarded to the wife, subject to reasonable rights of visitation in the husband.
2. The parties shall equally share any and all cultural enhancement expenses for the minor child until he attains the age of eighteen (18) years. Such expenses shall include but not be limited to school sponsored activities, trips, CT Page 4979 athletic programs, yearbooks, class rings, class trips, camp and the like; provided, however, that without prior consent, which will not be unreasonably withheld, neither party shall be obligated for more than $500.00 per year for such expenses. If any party advances any such expenses, reimbursement shall be made within one (1) week of demand. Notwithstanding the above the husband, wife and child shall each share in one-third (1/3) of the costs of the child's driver education, license fees and car insurance until he reaches the age of eighteen (18) years.
3. The husband shall pay to the wife the sum of $104.00 per week as support for the benefit of the minor child until he attains the age of eighteen (18) years, in accordance with child support guidelines.
Said support payments shall be modified annually as of April 15th of each year, or sooner upon motion, to conform to the then existing child support guidelines of the Superior Court. The support order shall be subject to a contingent wage execution. The wife to receive exemption for IRS purposes for the minor child. The husband shall execute all IRS documents to effectuate this paragraph.
The husband shall maintain the one (1) minor child on his Blue Cross, CMS, Major Medical or its equivalency as available through his employer for the benefit of the one minor child until he attains the age of eighteen (18) years. This provision shall be subject to Section 46b-84c of the Connecticut General Statutes. The husband and wife shall be responsible for their own medical coverage. Husband to notify wife of his eligibility for such coverage for the child.
The husband and wife shall share in any unreimbursed medical, dental, orthodontal, prescription, eye care and the like for the benefit of the minor child until he attains the age of eighteen (18) years. Any payment advanced by one party shall be reimbursed by the other party within one (1) week of demand and proof of payment. Unreimbursed shall include any deductible or sums due for medical treatment where there is no medical insurance policy. The husband's share shall be two-thirds (2/3) and the wife's share shall be one-third (1/3). CT Page 4980
6. The husband shall pay to the wife as periodic alimony, the sum of one ($1.00) dollar per year.
(The defendant objects to any alimony order, claiming that if his wife needs financial help he would provide it without court order, however this is a twenty-five (25) year marriage. The wife while in reasonably good health, does not have much job security and only nominal assets. She has worked either part-time or full-time during most of this twenty-five year marriage while raising three (3) children. While the husband's attitude toward voluntarily assisting his wife is commendable, the Court believes she should be entitled to the legal protection of an alimony order).
7. The husband and wife shall be responsible for the liabilities listed on their respective financial affidavits, unless otherwise treated differently herein, and hold each other harmless.
8. The husband shall name the one (1) minor child as irrevocable beneficiary on any life insurance policy on his life as available through his employer until said child attains the age of eighteen (18) years.
9. The husband shall pay counsel fees to the wife's attorney in the amount of $1000.00 at the rate of $15.00 per week commencing two (2) weeks from the date of this decision.
(The wife is without assets or sufficient income to pay her total attorney's fee, which was $2,289.80, excluding the cost of the trial. The actions of the husband, who did not prevail on the issue of irretrievable breakdown, was responsible for some portion of the fees incurred by the plaintiff. He is in a stronger financial situation than his wife, both in terms of earning ability and in ability to obtain collateral financial assistance).
10. The wife shall be entitled to resume the use of her maiden name of Karen Armogida.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court CT Page 4981